[No. 21528. Department One. October 19, 1928.]

CARABEL L. ROSS, *Appellant*, v. CHARLES W. ROSS, *Respondent*.[1]

[1] Reported in 271 Pac. 72.

*Hayden, Langhorne & Metzger,* for appellant.

*Walter Christian,* for respondent and. cross-appellant.

TOLMAN, J.—This is a divorce action. The trial court, by its decree, upheld the right of each party to a divorce from the other, adjudged each to be the owner of certain specified separate property, directed the defendant to pay to the plaintiff, in full of all demands, including alimony, the sum of five thousand dollars and to her attorneys as their fees for services in the action the sum of one thousand dollars. The costs, also, were taxed against the defendant. Both parties have appealed, but neither questions here any portion of the decree save the financial allowances.

Since no question is raised as to the divorce, nothing need be said on that subject, except that the trial court found each party equally to blame and that is mentioned only as it may bear upon the financial question.

The parties were each well along in middle life when they were married in 1919. Each had separate property, the status of which is preserved by the decree and the character and value of such separate holdings is now of no importance except as it may indicate the plaintiff's needs and the defendant's ability to pay. Suffice it to say that the plaintiff's separate property, as at present invested, seems insufficient to produce an income above carrying charges, which will provide for her maintenance, though, if she is so fortunate as to sell to good advantage certain unimproved realty of somewhat speculative value, perhaps by wise re-investment she may thereby become possessed of an income which will be sufficient for a modest livelihood.

The defendant, though not now gainfully employed, by reason of ill health as he asserts, might yet pay more than the decree provides and by obtaining employment suitable to his years and state of health still not suffer want. Under these conditions, the trial court thought it just and fair to divide between the parties what remained of the community earnings after the payment of community expenses. By his personal contact and observation, he was in a far better situation than are we to judge of the capacity of each for self earning and self financing, and we find nothing in the record to warrant a holding that he acted upon a fundamentally wrong basis.

In covering a period of nearly nine years, during which the husband and wife lived together and neither kept books or any sufficient memoranda, it is not strange that there is much conflict in the testimony as to family and personal expenses. It is somewhat remarkable that the parties are agreed that the community income for the period, all of which was from the husband's earnings, was slightly in excess of thirty thousand dollars and the trial court found:

"The Court finds that, during the period of the marriage, the defendant earned a considerable amount of money and that, after allowing the defendant credit for the moneys that he laid out and expended on behalf of the community, and that which he gave to the plaintiff, and that which he expended for his necessary and proper personal outlays and expenses, there would remain a sum equivalent to approximately $10,000. The Court finds that the said sum should be divided equally between the parties and that the defendant should pay to the plaintiff in full settlement of all claims and demands whatsoever against him by the plaintiff, including alimony, the sum of $5,000."

After careful consideration of the record we are unable to find that the evidence preponderates against

this finding that ten thousand dollars of the community funds remained unexpended, and common experience would seem to warrant the belief that during the period mentioned a husband and wife, though without children and living modestly, could hardly maintain a home and an automobile for less than twenty thousand dollars.

In upholding the finding as to the community fund and its equal division, we dispose of all questions raised save only the amount allowed as attorney's fees, which is questioned by the cross-appeal. For a case involving no serious questions of law and no greatly complicated questions of fact and, at the best, no very large amounts financially, and even considering that some preliminary investigation was necessary, still the amount allowed does seem somewhat larger than necessary; but the judge who presided at the trial was in a better position to arrive at a fair and equitable allowance than we can possibly be and we conclude that the amount allowed is not so large as to indicate an intention to penalize the defendant or the abuse of discretion. While not justified in interfering with the allowance as made, we do, however, feel justified in directing that no further allowance be made to the plaintiff's attorneys for services in this court.

The judgment is affirmed, without costs to either party.

FULLERTON, C. J., MITCHELL, HOLCOMB, and PARKER, JJ., concur.